# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3805

_____

David Tillery and Kathy Tillery,    *
   *
      Plaintiffs-Appellants,    *
   *    Appeal from the United States
      v.    *    District Court for the
   *    District of Minnesota.
Hoffman Enclosures, Inc.,    *
a Minnesota corporation,    *
   *
      Defendant-Appellees.    *

_____

Submitted: October 18, 2001

Filed: February 21, 2002 (Corrected 2/26/02)

_____

Before MURPHY, BEAM and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

David Tillery and his mother, Kathy Tillery, appeal the district court's[1] grant of summary judgment upholding a plan administrator's denial of medical benefits to David under Kathy's employer's self-funded employee welfare benefit plan. We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I.

On August 10, 1994, sixteen-year-old David Tillery was seriously injured in a motor vehicle accident. The accident left him a paraplegic and necessitated removal of 30 feet of intestine and resection of his bowel. In 1995, doctors referred him to the University of Minnesota where he was accepted as a candidate for experimental bowel transplant surgery. A successful bowel transplant was performed at the University of Minnesota in June, 1996.

At the time of the accident, Kathy Tillery was employed by Hoffman Enclosures, Inc. Hoffman provided an employee welfare benefit plan (Plan), governed by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §§ 1001-1461, under which David received medical benefits. Hoffman acted as plan administrator, and Medica, Inc., was the claims administrator. Hoffman had authority to decide all questions of eligibility, to make claims decisions, and to review appeals. The Plan specifically granted the plan administrator discretion with respect to the administration, operation and interpretation of the Plan. Medica had authority and responsibility for receiving and reviewing claims for benefits, determining amounts, making disbursements, and reviewing and determining denied claims and appeals.

Before performing the bowel transplant, the University of Minnesota sought pre-approval of the costs from Medica, HealthPartners[2] and the State of Minnesota Medical Assistance. Medica received the request on or about August 21, 1995, and assigned it to a transplant case manager for review and investigation. The case manager, after conducting research into bowel transplants, determined the procedure was experimental and recommended denial to Medica's medical director. The medical director reviewed the findings and recommended Hoffman deny benefits

---

[2]David's father was covered under a separate plan administered by HealthPartners.

based upon an exclusion in the plan covering experimental procedures. Hoffman denied benefits and the procedure was paid for by Minnesota Medical Assistance.

The notice of denial was sent to the State of Minnesota and the University of Minnesota. There is no evidence the Tillerys received a denial notice or were otherwise aware of the denial until May 19, 1997. Thereafter, the Tillerys were provided with a list of benefits denied and the basis for the denials. Approximately two years later, the Tillerys filed this action in state court alleging Hoffman had improperly denied medical benefits to David. Hoffman removed the action to federal court and successfully moved for summary judgment.

On appeal, the Tillerys contend Hoffman acted under a conflict of interest when it denied David's claim for bowel transplant surgery. The Tillerys also argue serious procedural irregularities existed which cast doubt on the propriety of Hoffman's denial. Finally, the Tillerys contend Hoffman's denial of benefits to David was unreasonable.

II.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the nonmoving party. Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998). Similarly, this court reviews de novo the district court's determination of the appropriate standard of review under ERISA. Id. The Supreme Court enunciated the appropriate standard of judicial review of benefit determinations by fiduciaries or plan administrators in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). The Court held a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) should be reviewed under a de novo standard unless the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone, 489

U.S. at 115. When the plan grants such authority an abuse of discretion standard applies. Layes v. Mead Corp., 132 F.3d 1246, 1250 (8th Cir. 1998).

The district court concluded the proper standard of review was abuse of discretion. We agree. The Plan grants discretionary authority to the plan administrator to determine eligibility and to interpret the terms of the plan, and thus, the decision of the plan administrator is reviewed for an abuse of discretion. Schatz v. Mut. of Omaha Ins. Co., 220 F.3d 944, 946-47 (8th Cir. 2000).

The Tillerys contend the less deferential standard of review enunciated in Woo applies. A conflict of interest may trigger a less deferential standard of review. Woo, 144 F.3d at 1161. The degree of deference will decrease on a sliding scale in proportion to the extent of the conflict, recognizing the arbitrary and capricious standard is inherently flexible. Id. Not every funding conflict of interest, however, warrants heightened review, id. at 1161 n.2, because ERISA itself contemplates the use of fiduciaries who might not be entirely neutral. Farley v. Ark. Blue Cross & Blue Shield, 147 F.3d 774 (8th Cir. 1998). The less deferential standard of review applies when the plaintiff presents "material, probative evidence demonstrating (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty." Woo, 144 F.3d at 1160. Only when a claimant meets the "two-part gateway requirement" does the court apply a "sliding scale" approach to determine just how much deference should be given the plan administrator's decision. Schatz, 220 F.3d at 947.

Under the first part of the sliding scale analysis, a claimant seeking a less deferential standard of review must present material, probative evidence of a palpable conflict of interest or serious procedural irregularity. Woo, 144 F.3d at 1160; see also Barnhart v. UNUM Life Ins. Co., 179 F.3d 583, 589 (8th Cir. 1999) (holding a claimant must do more than make unsubstantiated assertions to prove a palpable conflict of interest or serious procedural irregularity). For example, when an entity

-4-

funds a plan and is also the plan administrator there is a rebuttable presumption of a palpable conflict of interest. Barnhart, 179 F.3d at 587-88. Not every funding conflict, however, automatically leads to the conclusion a palpable conflict of interest exists. See Davolt v. The Executive Comm. of O'Reilly Auto., 206 F.3d 806, 809-10 (8th Cir. 2000) (holding the district court erred by finding an automatic conflict of interest merely because insurer and administrator were the same).

If a claimant successfully establishes either a palpable conflict of interest or serious procedural irregularity, he must also show the conflict or irregularity caused a serious breach of the plan administrator's fiduciary duty. Schatz, 220 F.3d at 948. The evidence offered by the claimant must give rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim. Id. It is not enough simply to show the plan administrator did not act in the sole interest of the claimant. The plan administrator's fiduciary duties extend to everyone covered by the plan, and an administrator who fails properly to investigate a claim breaches its fiduciary duty to all beneficiaries by granting benefits to unqualified claimants. Barnhart, 179 F.3d at 589.

The Tillerys argue Hoffman had a palpable conflict because the plan was partially self-funded. They also claim serious procedural irregularities occurred when Hoffman failed to provide them with (1) a summary plan description (SPD),[3] (2) timely notice of the denial of benefits, and (3) notice of their appeal rights.

Because Hoffman's plan was partially self-funded there was potential for a conflict of interest. Further, it is undisputed the Tillerys were not provided notice of the denial and of their appeal rights as required by ERISA. Thus, we will assume,

---

[3]ERISA requires an employer to provide all of the participants and beneficiaries with an accurate and comprehensive summary plan description. 29 U.S.C. §§ 1022 & 1024.

without deciding, that the Tillerys have met the first part of the <u>Woo</u> test. <u>See</u> <u>Barnhart</u>, 179 F.3d at 587-88 (holding when an entity funds a plan and is also the plan administrator there is a rebuttable presumption of a palpable conflict of interest); <u>cf.</u> <u>McGarrah v. Hartford Life Ins. Co.</u>, 234 F.3d 1026, 1031 (8th Cir. 2000) (holding plan administrator's failure to respond to a timely filed appeal is a serious procedural irregularity). Next, the Tillerys must show the conflict or procedural irregularities give rise to serious doubts as to whether the denial was the product of an arbitrary decision or the plan administrator's whim. <u>Schatz,</u> 220 F.3d at 948. This they have not done.

The Tillerys first claim Hoffman failed to prepare an SPD. Their claim, however, is contradicted by the record. The Tillerys include in their appendix two copies of Hoffman's SPD. While they question whether this is the actual SPD, they provide no evidence to contradict Hoffman's assertions to the contrary. <u>See</u> <u>Barnhart</u>, 179 F.3d at 589 (holding a claimant must do more than make unsubstantiated assertions to prove a palpable conflict of interest or serious procedural irregularity).

Next, the Tillerys argue the SPD conflicts with the Plan. The SPD does not contain language excluding coverage for experimental procedures, and they contend the broader coverage, implied by omission of the exclusion from the SPD, controls over the Plan language. The Tillerys are mistaken. Although the provisions of an SPD prevail over conflicting provisions contained in the actual plan, <u>Jensen v.</u> <u>SIPCO, Inc.</u>, 38 F.3d 945, 952 (8th Cir. 1994), the rule does not apply "when the plan document is specific and the SPD is silent on a particular matter. While clear and unambiguous *statements* in the summary plan description are binding, the same is not true of silence." <u>Id.</u> (internal quotations and citations omitted) (emphasis in original). Thus, the Plan's express language excluding experimental procedures controls.

The Tillerys also question whether they ever received a copy of the SPD. Assuming they did not, they fail to explain how such an oversight affected their

substantive rights or the decision of the plan administrator. See Schatz, 220 F.3d at 948 (holding the claimant must offer evidence which gives rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim). Absent evidence to the contrary, any failure to provide the SPD was harmless.

Finally, the Tillerys argue Hoffman's failure to provide them with timely notice of the denial and of their appeal rights gives rise to serious doubts as to whether the denial was the product of an arbitrary decision or the plan administrator's whim. Schatz, 220 F.3d at 948. Hoffman admits there is no evidence showing the denial was communicated to the Tillerys as required by ERISA. Therefore, for purposes of summary judgment, the district court assumed, as do we, that a procedural irregularity existed. It is, however, only when such irregularities are "so egregious that the court has a total lack of faith in the integrity of the decision making process" that a court may infer the plan administrator did not exercise proper judgment. McGarrah, 234 F.3d at 1031. The Tillerys fail to offer any analysis explaining how the untimely notice so infected the decision making process as to render the decision to deny suspect. In fact, the contrary is apparent.

When Medica received the request for coverage of the small bowel transplant it was assigned for review and investigation to a transplant case manager. She researched small bowel transplants through several outside sources and by reviewing current medical literature. She determined bowel transplants were experimental, and presented her findings to a physician who conducted an independent review and assessment. Only then did Medica contact Hoffman and recommend denial based upon the exclusionary language contained in the Plan. Given the investigation conducted by Medica, and the lack of any credible evidence suggesting small bowel transplants were not experimental in 1996, we conclude the procedural irregularity did not so undermine the decision of the plan administrator as to render it suspect.

Because the Tillerys have failed to meet the two-part test established in Woo, we conclude the district court was correct when it reviewed the plan administrator's decision for an abuse of discretion.

Under the abuse of discretion standard, "the proper inquiry is whether the plan administrator's decision was reasonable, i.e., supported by substantial evidence." Donaho v. FMC Corp., 74 F.3d 894, 899 (8th Cir. 1996). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. of N.Y. v. N.L.R.B., 305 U.S. 197, 229 (1938). Both the quantity and quality of the evidence may be considered. Donaho, 74 F.3d at 900. A plan administrator's decision is reasonable if a reasonable person could have, based upon the same evidence, reached a similar decision. The plan administrator's decision need not be the only sensible interpretation, "so long as its decision offer[s] a reasoned explanation, based on the evidence, for a particular outcome. If the plan administrator's decision offers a reasonable explanation, the decision should not be disturbed even if another reasonable, but different, interpretation may be made." Krawczyk v. Harnischfeger Corp., 41 F.3d 276, 279 (7th Cir. 1994) (internal quotations omitted); see also Donaho, 74 F.3d at 899. When reviewing the reasonableness of a plan administrator's decision, we consider whether (1) the interpretation is consistent with the goals of the Plan, (2) the interpretation renders any language in the Plan meaningless or internally inconsistent, (3) the interpretation conflicts with the substantive or procedural requirements of ERISA, (4) the plan administrator has interpreted the words at issue consistently, and (5) the interpretation is contrary to the clear language of the Plan. See Finley v. Special Agents Mut. Ben. Ass'n, 957 F.2d 617, 621 (8th Cir. 1992). In this case, Hoffman acted reasonably when it denied payment for the small bowel transplant.

First, the stated purpose of the Plan is to promote the health and welfare of all covered persons through a comprehensive payment of medical benefits. At the same

time, the Plan, in order to maximize benefits to all covered persons, limits or excludes payment for some procedures. Exclusion of payments for experimental procedures has the advantage of providing better coverage for more people.

Second, Hoffman's interpretation does not render any of the Plan's language meaningless or internally inconsistent. The Tillerys argue the term "medically necessary" is rendered meaningless by the "experimental surgery" exclusion. The two terms are easily reconciled. The Plan covers treatment which is medically necessary but limits treatment to that which is not experimental. The Tillerys also argue the surgery should have been considered "reconstructive" instead of "experimental." This argument suggests reconstructive surgery can never be experimental. Calling the bowel transplant reconstructive surgery would not have made it less experimental.

Third, the denial does not conflict with any substantive or procedural requirements imposed by ERISA. While Hoffman concedes the Tillerys did not get timely notice, denial of procedural rights does not of itself create a substantive right to benefits. See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995); see also Sedlack v. Braswell Serv. Group, Inc., 134 F.3d 219, 225 (4th Cir. 1998) (holding a violation of ERISA notice provision does not entitle claimant to substantive remedy absent a showing that the outcome would have been different); Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1096 (9th Cir. 1985) (same). The Tillerys have failed to present any evidence demonstrating how lack of timely notice caused any substantive harm.

The fourth and fifth factors have also been met. This was the first and only request for a transplant under the Plan. There is no evidence Hoffman previously or subsequently interpreted the Plan language differently. And, the Plan expressly excluded procedures deemed experimental. Thus, the decision was not contrary to the clear language of the plan.

III.

The district court's order granting summary judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.