# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2485

_____

| | | |
|---|---|---|
| Barbara Barham, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Reliance Standard Life | * | District Court for the |
| Insurance Company, | * | Eastern District of Arkansas. |
| | * | |
| Appellee, | * | |
| | * | |
| Arquest, Inc., | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  December 12, 2005
Filed:  March 21, 2006

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Barbara Barham filed this action in district court challenging Reliance Standard Life Insurance Company's (Reliance's) denial of her claim for long-term disability benefits under a plan governed by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.  Applying an abuse-of-discretion standard, the district court concluded the denial was supported by substantial evidence.  Because the policy included in the administrative record did not grant

Reliance discretion to determine eligibility for benefits, the district court should have used a de novo standard. We therefore reverse and remand with instructions to the district court to apply de novo review.

I

Barbara Barham worked for Arquest, Inc., as a machine operator in a disposable diaper factory. She had a long history of back problems dating back to 1968, including back surgery in 1973, stemming in large part from congenital spina bifida and mild scoliosis. On August 31, 1999, she began treating with Dr. R. Lee Archer, a neurologist, who concluded she was "permanently and completely disabled because of her low back problems." App. at 668.

Barham was covered under an employer-sponsored long-term disability policy issued by Reliance. Under the policy, she was entitled to disability benefits for twenty-four months if she could not perform her own job. After the first twenty-four months, she was entitled to additional disability benefits if she could not perform any job. Barham applied for and received disability benefits from Reliance for the first twenty-four months. Reliance also advised Barham to apply for Social Security disability benefits, presumably because Reliance was contractually entitled to an offset for any social security benefits Barham received. Barham did, in fact, receive Social Security disability benefits. On September 7, 2000, Reliance notified Barham it had received a copy of the Social Security Award certificate and told Barham she owed Reliance $5280 for the amount Reliance had overpaid her.

On July 16, 2001, Reliance notified Barham it would review her claim to determine whether she was eligible for disability benefits beyond the initial twenty-four month period. Barham completed disability review questionnaires for Reliance on July 20, 2001, and March 25, 2002. On September 24, 2002, at Reliance's request, Barham also participated in a one-day Functional Capacity Evaluation (FCE)

performed by a registered nurse. According to the nurse who completed the FCE, Barham was capable of performing sedentary level work. On June 30, 2003, Dr. Archer responded to the FCE findings and opined Barham was not capable of performing even sedentary level work because she was restricted by pain due to her spina bifida.

After initially terminating Barham's claim for long-term benefits, Reliance asked Dr. William Hauptman, a gastroenterologist, to conduct a paper review of Barham's file. According to the gastroenterologist, Barham was not impaired from performing sedentary work. This assessment appeared preliminary, however, as Dr. Hauptman concluded "it will be important for further evaluation to obtain medical records from all health care providers including primary physicians and any mental health care providers." App. at 473. Nonetheless, in a letter dated July 23, 2003, Reliance upheld its earlier decision to terminate Barham's long-term disability benefits based on the FCE's determination she was capable of performing sedentary level work and the paper review conducted by Dr. Hauptman.

In September 2003, Barham brought suit against Reliance in federal district court challenging the benefits denial. In December 2003, the district court entered an ERISA Scheduling Order requiring the parties to submit a copy of the administrative record and to file briefs addressing the appropriate standard of review. The court indicated it would then decide the case based upon the administrative record and the parties' briefs.

On February 4, 2004, Thomas Hardy, a Reliance employee "authorized to make this Declaration of behalf of the company," filed an affidavit with the district court attaching a "complete and accurate copy of the claim file" and "declar[ing] under penalty of perjury that the foregoing is true and correct." App. at 123-24. Included within the administrative record was a copy of the group policy under which Barham

made her claim for benefits. Notably, the policy did not grant Reliance discretion to interpret the plan or determine eligibility for benefits.

On April 28, 2004, Reliance's counsel filed its brief on the standard of review pursuant to the district court's ERISA Scheduling Order. Reliance argued the appropriate standard of review was abuse of discretion because the policy granted Reliance discretion to interpret the plan and determine eligibility for benefits. As support, Reliance's counsel cited to "policy at page 6.0, a copy of which is attached as Exhibit 'A.'" App. at 49. Exhibit "A" was attached to the brief without an affidavit verifying its authenticity or accuracy. Unlike the policy included with the Hardy affidavit, the policy attached as Exhibit "A" included the following provisions:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

Appellee's App. at 12.

Based upon Exhibit "A" and the representations made in Reliance's counsel's brief, the district court concluded the plan gave Reliance discretionary authority to determine eligibility for benefits and consequently reviewed the decision to deny benefits under an abuse-of-discretion standard. Under the abuse-of-discretion standard, the district court concluded Reliance's denial was supported by substantial evidence.

Barham filed a timely appeal with this court contending, in part, the district court applied the wrong standard of review. In support of that argument, Barham primarily argued serious procedural irregularities occurred during the administrative

-4-

proceedings which should have triggered a less deferential standard of review. For the first time in her reply brief, however, Barham supplemented her standard-of-review argument by noting the policy contained in the administrative record did not contain any language granting Reliance discretionary authority to interpret the policy or make eligibility determinations.

II

We have plenary review over the district court's determination of the appropriate standard of review to apply to an ERISA plan's denial of benefits. See Tillery v. Hoffman Enclosures, Inc., 280 F.3d 1192, 1196 (8th Cir. 2002) (applying de novo review).

"[A] denial of benefits . . . should be reviewed under a de novo standard unless the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 1196-97 (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). Here, the policy contained in the administrative record did not grant the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Thus, a de novo standard should apply.

The district court applied an abuse-of-discretion standard because Reliance's counsel represented the policy gave Reliance discretion to determine eligibility for benefits. The policy which purportedly granted this authority was not the same as the policy verified by Reliance as the complete and correct copy and included within the administrative record, however, but an unverified copy attached to Reliance's brief without any supporting affidavit.

Reliance contends Barham waived the right to rely upon the administrative record because she waited until her reply brief to note the discrepancy between the

-5-

two policies. As a general rule, we will not consider arguments raised for the first time in a reply brief. Akeyo v. O'Hanlon, 75 F.3d 370, 374 n.2 (8th Cir. 1996). We are not precluded from doing so, however, particularly where, as here, the argument raised in the reply brief supplements an argument raised in a party's initial brief. See United States v. Head, 340 F.3d 628, 630 n.4 (8th Cir. 2003); see also Parmenter v. Fed. Deposit Ins. Corp., 925 F.2d 1088, 1093-94 (8th Cir. 1991) (considering an argument raised for the first time in a reply brief where "the interests of justice" required a remand to the district court to address the question raised); Stafford v. Ford Motor Co., 790 F.2d 702, 706 (8th Cir. 1986) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeal, to be exercised on the facts of the individual cases.") (quoting Singleton v. Wulff, 428 U.S. 106, 121 (1976)).

While we do not condone the untimely manner in which Barham noted the discrepancy between the policy presented to the district court and the policy within the administrative record, neither do we wish to condone the unorthodox manner in which Reliance's counsel presented the district court with Exhibit "A" – a policy that differed in a very material respect from the one within the administrative record. Under these circumstances, even if Exhibit "A" had been submitted with a supporting affidavit, it would have been inappropriate for the district court to consider it unless Reliance also gave a satisfactory explanation for its contradiction with the Hardy affidavit. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1364-65 (8th Cir. 1983) (indicating district courts should not consider inherently contradictory affidavits submitted by the same party in summary judgment proceedings unless the party explains the inconsistency).[1]

---

[1]We agree with the dissent a plan need not be in the administrative record to be considered by the district court. See Farley v. Ark. Blue Cross & Blue Shield, 147 F.3d 774, 776 n.4 (8th Cir. 1998) ("We note, however, that conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative

There is no evidence in the district court or appellate record contradicting or explaining the Hardy affidavit, which verified the authenticity and accuracy of the policy contained within the administrative record. Reliance had ample time to develop an accurate record in the district court and failed to do so. Cf. Von Kahl v. United States, 242 F.3d 783, 788 (8th Cir. 2001) (declining to allow a party to supplement the record where there was ample time to develop an accurate record and any gaps in the record were likely due to a lack of diligence). Under these circumstances, we believe it is appropriate to remand this case with instructions for the district court to review the benefits denial de novo, see McKeehan v. Cigna Life Ins. Co., 344 F.3d 789, 793 (8th Cir. 2003) (concluding de novo review should be conducted in the first instance by the district court where record includes conflicting medical opinions and evidence), as de novo review is consistent with the only policy verified as accurate in the administrative record or the district court.

## III

We reverse and remand with instructions for the district court to apply a de novo standard of review to Reliance's denial of Barbara Barham's claim for long-term disability benefits.

BEAM, Circuit Judge, dissenting.

While I agree this case must be remanded to the district court, I disagree with this court determining the standard of review for the district court to apply. The

---

record for the purpose of determining benefits."). In this case, however, a plan verified as authentic and accurate by Reliance *was* included in the administrative record, and the conflicting plan was never appropriately put before the district court. Thus, while we agree the district court should be able to review evidence outside the administrative record to determine which plan applies, we do not believe that rule applies or governs in this case.

central issue seized upon by the court is which version of the benefit plan governs: Plan A, from the administrative record, which would necessitate a de novo review, or Plan B, which contains language granting Reliance discretion and would permit an abuse-of-discretion review. Plan B, which the district court used, was not in the administrative record. However, whether Plan B was in the administrative record should not be dispositive of the standard of review. The correct inquiry is which plan was in effect at the time of Barham's claim. After all, the quest of this court should be a search for the truth, not a search for error.

The court assumes that the administrative record must contain the benefit plan. I agree that both sides should make an accurate and complete record before coming to federal court. Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 302 n.13 (5th Cir. 1999). When courts review a denial of benefits under an abuse-of-discretion standard, only the evidence in the administrative record is considered. Sahulka v. Lucent Techs., Inc., 206 F.3d 763, 769 (8th Cir. 2000). Even under a de novo review, the introduction of documentation not in the administrative record is discouraged unless good cause is shown. Ferrari v. Teachers Ins. and Annuity Ass'n, 278 F.3d 801, 807 (8th Cir. 2002). However, the vast majority of case law addresses only whether a plan participant can add documentation to the record which was not before the administrator. See, e.g., id. (discussing decision not to expand record to include financial documentation offered by plan participant).

The issue of whether a plan must be present in the administrative record has not been squarely addressed by this court. I agree with the Sixth Circuit, which has addressed this issue and determined that the plan need not be present in the administrative record to be considered by the district court. Bass v. TRW Employee Welfare Benefits Trust, 86 F. App'x 848, 851 (6th Cir. 2004) (unpublished). The reasons for limiting the record before the district court are to provide for expeditious review and to prevent the district courts from becoming plan administrators. Brown v. Seitz Foods, Inc., Disability Ben. Plan, 140 F.3d 1198, 1200 (8th Cir. 1998).

Refusing to admit a benefit plan would not advance either of these goals. So, in my view, the district court should be able to review evidence outside the administrative record to determine which plan applies.

The benefit plan which Reliance contends is the correct one was not in the administrative record and was adopted by the district court from Reliance's brief. Because this is simply an evidentiary dispute, we should remand to the district court to determine which plan and which standard of review to apply to Barham's claim. Accordingly, I respectfully dissent.

————————————————