Clayton JOHNSON, Plaintiff

v.

**CITY OF LITTLE ROCK,**
Arkansas, Defendant

Case No. 4:15–cv–00350–KGB

United States District Court,
E.D. Arkansas,
**Little Rock Division.**

Signed February 23, 2016

Stephen B. Niswanger, Niswanger Law Firm, PLC, Little Rock, AR, for Plaintiff.

D. Clifford Sward, Little Rock City Attorney's Office, Little Rock, AR, for Defendant.

## *OPINION AND ORDER*

Kristine G. Baker, United States District Judge

Plaintiff Clayton Johnson filed this action against the City of Little Rock, Arkansas ("the City"), alleging violations of the Equal Protection Clauses of both the United States and Arkansas Constitutions. The City moved to dismiss Mr. Johnson's action with prejudice for failure to state a claim (Dkt. No. 5). Mr. Johnson has responded (Dkt. No. 7), and the City has replied (Dkt. No. 8). For the following reasons, the City's motion to dismiss is granted in part and denied in part.

## I. Factual Background

The following facts are taken from Mr. Johnson's complaint (Dkt. No. 1). Mr. Johnson lives in the Forest Heights neighborhood in Little Rock, Arkansas. Cantrell Road, a major thoroughfare, runs to the north of Mr. Johnson's residence, Mississippi Street runs to the west, and Evergreen Drive runs to the south.

Several apartment complexes are located between Mr. Johnson's house and Cantrell Road. Cantrell Road is very busy, and the tenants of these apartment complexes and their guests often use two roads in the Forest Heights neighborhood, Florida Avenue and North Hughes Street, as ingress and egress to Mississippi Street and Evergreen Drive to avoid having to drive on Cantrell Road. Such use creates "a large volume of traffic, crime, and noise in the Forest Heights neighborhood" (Dkt. No. 1, at 2).

Residents of the Forest Heights neighborhood wish to restrict access to neighborhood roads so that tenants and guests of the apartment complexes would be forced to use Cantrell Road. In 2007, the City held a meeting on the matter, but declined to erect any barriers that would restrict the use of these neighborhood roads. Instead, the City promised to increase police patrols in the neighborhood, but these patrols have not effectively calmed the traffic or reduced crime and noise in the neighborhood. To this day, no barriers have been erected.

The City has the authority to restrict direction of movement on city streets. Mr. Johnson recently inspected apartment complexes "all over Little Rock," and all of them had "fencing, gating, concrete barriers, or any combination thereof, that eliminated the tenants' and their guests' direct access to adjoining neighborhoods" (Dkt. No. 1, at 2–3). Based on his inspections, Mr. Johnson believes that the City has a blanket policy of "eliminating any direct adjoining neighborhood access to large multifamily housing complexes throughout the entire City," but that it has chosen to make a single exception to this policy for the Forest Heights neighborhood (Dkt. No. 1, at 3). Mr. Johnson alleges in his complaint that "[t]he City has no rational basis for treating Plaintiff differently from the citizens in other neighborhoods adjacent to other similar, high-density apartment complexes" (Dkt. No. 1, at 3).

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir.1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001).

### III. Argument

Mr. Johnson argues that the City's decision not to restrict access to roads in the Forrest Heights neighborhood violates his rights under the Equal Protection Clauses of the United States and Arkansas Constitutions. Mr. Johnson does not allege that he is a member of a protected class or that the City's actions violated a fundamental right. Instead, he claims that he constitutes a "class of one" and that the City "has no rational basis for treating [him] differently from the citizens in other neighborhoods adjacent to other similar, high-density apartment complexes" Dkt. No. 1, at 3). He demands legal and equitable relief.[1]

■ "The Supreme Court recognizes an equal protection claim for discrimination against a 'class of one.'" *Barstad v. Murray Cty.*, 420 F.3d 880, 884 (8th Cir.2005) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)). To state a valid "class of one" claim, Mr. Johnson must allege that the City "intentionally treated [him] differently from others who are similarly situated and that no rational basis existed for the difference in treatment." *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir.2011). The City argues that Mr. Johnson's claim should be dismissed for two reasons: (1) he failed to "provide a 'specific and detailed account of the nature of the preferred treatment of the favored class'" (Dkt. No. 8, at 4); and (2) the City has a legitimate government interest in controlling the flow of traffic, and the City's decision not to block neighborhood streets in the Forest Heights neighborhood is rationally related to that interest (Dkt. No. 6, at 6).

### A. Similarity With The Preferred Class

■ In its reply to Mr. Johnson's response to the City's motion to dismiss, the City first argues that Mr. Johnson's complaint is insufficiently specific in identifying a similarly situated comparator. In order to have a viable class of one claim, Mr. Johnson must show that the City

---

**1.** In his complaint, Mr. Johnson is ambiguous as to whether he is seeking punitive damages. The City moved to dismiss any claim for puni-
tive damages (Dkt. No. 6, at 8). In response, Mr. Johnson clarifies that he is not seeking punitive damages (Dkt. No. 7, at 9 n.1).

treated him differently than others who are "similarly situated." The Eighth Circuit Court of Appeals recently clarified that "[t]o be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker,* 794 F.3d 988, 996 (8th Cir.2015). In addition to establishing that the preferred class is similarly situated, the plaintiff must also "provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Id.* (internal quotation omitted). To state a viable equal protection claim, Mr. Johnson cannot merely claim that he was treated less favorably than a purported comparator; he must offer further factual enhancement. *Id.* (citing *Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago,* 741 F.3d 769, 775 (7th Cir.2013)).

The City first raised this issue in its reply brief, making no mention of it in its motion to dismiss or brief in support of that motion. As a general rule, courts in the Eighth Circuit will not consider arguments raised for the first time in a reply brief. *Barham v. Reliance Standard Life Ins. Co.,* 441 F.3d 581, 584 (8th Cir.2006); *Armstrong v. Am. Pallet Leasing Inc.,* 678 F.Supp.2d 827, 872 (N.D.Iowa 2009). Accordingly, the Court will not consider whether Mr. Johnson's description of his purported preferred class was sufficiently specific, and the Court need not do so to resolve the City's motion to dismiss.

### B. Rational Basis Review

In its motion to dismiss, the City argues that its motion should be granted because its actions pass rational basis review. Rational basis review is appropriate because Mr. Johnson does not allege that he is a member of a suspect class or that the City acted in a way that infringed on his funda-mental rights. The City contends that under rational basis review, "the burden lies with [Mr. Johnson] to negate every conceivable rational basis upon which the City might have chosen not to restrict the Tenants' access to neighborhood streets" (Dkt. No. 6, at 6). The City claims that Mr. Johnson's complaint fails to meet this burden, meaning it should be dismissed. The City also argues that if it "can propose a reasonable, conceivable set of facts that is rationally related to a legitimate governmental interest, then the [City's] action should be upheld" (Dkt. No. 6, at 5). Noting Mr. Johnson's characterization of Cantrell Road as busy, the City proposes that it is reasonable and conceivable that "allowing the Tenants access to streets such as Florida and North Hughes Streets would help relieve some of the traffic congestion that occurs on Cantrell Road" and that "allowing some traffic to avoid, or divert from, a major thoroughfare (like Cantrell Road) onto smaller streets (such as North Hughes Street) is rationally related to managing traffic flow and decreasing congestion, a legitimate municipal interest" (Dkt. No. 6, at 6).

Mr. Johnson does not dispute that his claim is only subject to rational basis review. However, he argues that resolution of this issue is improper at this stage of the litigation. In his complaint, Mr. Johnson asserts that "the City has a city-wide policy of eliminating any direct adjoining neighborhood access to large multifamily housing complexes throughout the entire City, with the one exception here of the Forest Heights neighborhood. The City has no rational basis for treating Plaintiff differently from the citizens in other neighborhoods adjacent to other similar, high-density apartment complexes" (Dkt. No. 1, at 3). He claims that "[u]nder the federal standard of review for a motion to dismiss, this is a factual allegation that

should be accepted as true" (Dkt. No. 7, at 1). Mr. Johnson also argues that the Court should not consider the City's asserted "rational basis" for its decision because "[t]he City does not get to have the only and final 'say so' on the issues concerning the City's basis for its misconduct. Due process requires that Plaintiff be entitled to discovery on these issues" (Dkt. No. 7, at 1).

### 1. What The Court Must Accept As True At This Stage

In ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). However, this tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint does not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.... While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 678–79, 129 S.Ct. 1937.

The elements of Mr. Johnson's cause of action are that that the City "intentionally treated [him] differently from others who are similarly situated and that no rational basis existed for the difference in treatment." *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir.2011). Mr. Johnson's statement that "[t]he City has no rational basis for treating Plaintiff differently from the citizens in other neighborhoods adjacent to other similar, high-density apartment complexes," (Dkt. No. 1, at 3) is a legal conclusion, not a statement of fact, because it is simply a recitation of one of the elements of Mr. Johnson's cause of action. Accordingly, the Court does not accept this asser-

tion as true. *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937.

However, even determining that it need not accept this particular legal conclusion as true, the Court still finds that Mr. Johnson's complaint contains sufficient factual allegations to state a class of one claim. Mr. Johnson's comparison of his claim to *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), the seminal class of one equal protection case, is persuasive. In *Olech*, the complaint alleged that the defendant Village "intentionally demanded a 33–foot easement as a condition of connecting [plaintiff's] property to the municipal water supply where the Village required only a 15–foot easement from other similarly situated property owners. The complaint also alleged that the Village's demand was 'irrational and wholly arbitrary' and that the Village ultimately connected her property after receiving a clearly adequate 15–foot easement." *Olech*, 528 U.S. at 565, 120 S.Ct. 1073 (internal citation omitted). The Court found that "[t]hese allegations ... are sufficient to state a claim for relief under traditional equal protection analysis." *Id.* Mr. Johnson's complaint contains factual allegations that essentially argue that the City's decision regarding neighborhood access was intentional and arbitrary. Like *Olech*, Mr. Johnson claims that the City has a blanket policy of "eliminating any direct adjoining neighborhood access to large multifamily housing complexes throughout the entire City" (Dkt. No. 1, at 3). He alleges that the City disregards that policy in a single case—his neighborhood. The Court holds that these allegations are sufficient to state a class of one equal protection claim.

### 2. Rational Basis Review At The Motion To Dismiss Stage

The City claims in its moving papers that a rational basis exists for its decision

not to restrict access to the roads in Mr. Johnson's neighborhood and invites the Court to examine the rational basis it proffers at this stage. The City asserts that controlling the flow of traffic is a legitimate government interest and that "allowing some traffic to avoid, or divert from, a major thoroughfare (like Cantrell Road) onto smaller streets (such as North Hughes Street) is rationally related to managing traffic flow and decreasing congestion" (Dkt. No. 6, at 6). Quoting from the Supreme Court's decision in *F.C.C. v. Beach Commc'ns, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993), the City argues that its actions are entitled to a "strong presumption of validity" and that the Court should grant its motion to dismiss the case because:

> equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

(Dkt. No. 6, at 5). In response, Mr. Johnson primarily seeks to distinguish *Beach.* He claims that the City's actions are not presumptively valid and that *Beech* is inapplicable because: (1) unlike this case, *Beach* involved an administrative decision, and administrative decisions are afforded deference under federal law; (2) unlike this case, *Beach* involved a challenge to a federal statute, and there is a general presumption that statutory provisions are constitutional; (3) an evidentiary record existed in *Beach* whereas no record has been developed here; and (4) *Village of Willowbrook v. Olech* was decided after *Beach* and applies to the issues in this case, meaning "[t]he standard of review in *Olech*

is applicable, and under this precedent, Plaintiff has stated facts on which relief may be granted" (Dkt. No. 6, at 8). Mr. Johnson also appears to argue that granting the City's motion to dismiss would somehow deny him due process, though he cites no authority in support of this argument and fails to provide any basis for that assertion (Dkt. No. 6, at 1). The City argues in reply that the Eighth Circuit Court of Appeals has applied the presumption of constitutionality to government action in the context of a class of one case. *Robbins v. Becker,* 794 F.3d 988, 995 (8th Cir.2015).

As an initial matter, the Court notes that each side's arguments could be stated more clearly. Mr. Johnson essentially argues that, on a motion to dismiss, the Court must consider only the facts in his complaint and construe all of the facts in his favor. As the City's asserted rational basis does not appear in his complaint, Mr. Johnson argues the Court should not consider it. The City essentially argues that, under rational basis review, any conceivable rational basis for the City's actions undermines Mr. Johnson's claim, meaning if a potential rational basis exits, there is no reason to extend litigation any further.

The tension between conducting rational basis review in a class of one claim at the motion to dismiss stage, which could have been avoided had the City filed a motion for judgment on the pleadings or a motion for summary judgment, has been recognized by at least one commentator:

> Taken literally, the 'every conceivable basis' standard asks the Court to abide by mutually exclusive commands. Allegations sufficient to state a plausible basis for relief under the class-of-one cause of action necessarily invite the inference that the government action was arbitrary and irrational. Suppose

Iqbal–Twombly has been satisfied: the allegations plausibly suggest that the plaintiff has been intentionally singled out from others similarly situated without a rational basis. Must the Court look beyond the allegations or make inferences against the grain of the complaint in an attempt to conjure alternative rationales for the action in question? If so, the facts stated by the plaintiff that are ostensibly taken to be true are actually being called into doubt. Alex M. Hagen, *Mixed Motives Speak in Different Tongues: Doctrine, Discourse, and Judicial Function in Class–of–One Equal Protection Theory*, 58 S.D. L.Rev. 197, 215 (2013). That is precisely the conundrum before the Court in this case.

Neither party points to controlling authority that provides guidance to the Court as to whether, at the motion to dismiss stage, it should consider whether a conceivable rational basis exists that does not appear in the complaint. The City's citation to *Robbins v. Becker* fails to answer this question, as the case was decided on a motion for summary judgment. *Robbins*, 794 F.3d at 991. Mr. Johnson's reliance on *Village of Willowbrook v. Olech* does not advance an analysis of this issue either, as the Court did not address this issue in its opinion.

■ Outside of the context of a class of one claim, the law is well settled in the Eighth Circuit that district courts may conduct rational basis review at the motion to dismiss stage. *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir.2004). The policy underlying the law is logical: "because all that must be shown is any reasonably conceivable state of facts that could provide a rational basis for the classification, it is not necessary to wait for further factual development in order to conduct a rational basis review on a motion to dismiss." *Gilmore v. Cty. of Douglas, State of Neb.*, 406 F.3d

935, 937 (8th Cir.2005) (internal quotations omitted). On at least one occasion, a district court within the Eighth Circuit has dismissed a class of one claim at the motion to dismiss stage. *Dixon v. City of Sedalia, Mo.*, 2015 WL 328353, at *3 (W.D.Mo. Jan. 26, 2015). The Court determines that there is no reason to analyze class of one claims differently at this stage of the litigation than other equal protection claims meriting rational basis review. Therefore, the Court will conduct a rational basis review at this stage of the proceedings.

### 3. Rational Basis Review

■ The Court must accept as true that the City has a blanket policy of eliminating any direct adjoining neighborhood access to large multifamily housing complexes and that it makes a single exception for Mr. Johnson's neighborhood. To pass rational basis review, all the Court must find is that, under any reasonably conceivable state of facts, the City's decision would be "rationally related to a legitimate government interest." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1019 (8th Cir.2012). The City suggests one such scenario: controlling the flow of traffic is a legitimate government interest, and allowing some traffic to avoid Cantrell Road, which is very busy, by accessing the less congested streets in Mr. Johnson's neighborhood is rationally related to that interest (Dkt. No. 6, at 6). Mr. Johnson offers no rebuttal to this argument.

Controlling the flow of traffic is a legitimate government interest. *Cox v. State of La.*, 379 U.S. 536, 554–55, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). Even if the City has a general policy of eliminating direct adjoining neighborhood access to large multifamily housing complexes, it is reasonably conceivable that the City would deviate from that policy to avoid further congestion on a

busy, major thoroughfare like Cantrell Road. The Court holds that the City's actions pass rational basis review.

### C. Claims Under The Arkansas Equal Protection Clause

Mr. Johnson also alleges that the City violated the Equal Protection Clause of the Arkansas Constitution. The City requests that Mr. Johnson's claims under state law be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over any claims Mr. Johnson has under state law, and the Court dismisses without prejudice these claims.

### IV. Conclusion

The Court grants in part and denies in part the City's motion to dismiss (Dkt. No. 5). The Court dismisses with prejudice Mr. Johnson's federal equal protection claim. To the extent that Mr. Johnson has any remaining claims under Arkansas state law, the Court dismisses without prejudice those claims.

So ordered this the 23rd day of February, 2016.