Robert ROWE, et al.,
Plaintiffs–Appellants,

v.

ALLIED CHEMICAL HOURLY EM-
PLOYEES' PENSION PLAN, et
al., Defendants–Appellees.

No. 87–5480.

United States Court of Appeals,
Sixth Circuit.

Argued April 26, 1988.

Decided Oct. 2, 1990.

Victoria L. Block, Ashland, Ky., John W. McKendree, General Counsel, Velveta Golightly Howell, Oil, Chemical and Atomic Workers International Union, Denver, Colo., for Robert Rowe, et al.

Christine H. Perdue (argued), Hunton & Williams, Fairfax, Va., Hill B. Wellford, Jr., Patricia Kyle Epps, Hunton & Williams, Richmond, Va., Wendell S. Roberts, Ashland, Ky., for Allied Corp.

Michael C. Lynch, Bernard J. Casey (argued), Washington, D.C., for Armco, Inc.

Before KRUPANSKY and BOGGS, Circuit Judges; and LIVELY, Senior Circuit Judge.*

PER CURIAM.

This case is before us on remand from the Supreme Court, to evaluate in light of *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). *Rowe v. Allied Chemical Hourly Employees' Pension Plan,* 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989). Some plaintiffs in this case alleged, *inter*

*alia,* that their separation from employment with Allied Corporation (Allied) after the sale of Allied's Ashland Plant, even though followed by their immediate employment with Armco, Inc. (Armco), the purchaser of that plant, constituted a layoff from Allied, and thus entitled them to certain benefits under the Allied Chemical Hourly Employees' Pension Plan (Allied Plan). Other plaintiffs alleged that they retired while they were employees of Allied, thus entitling them to certain benefits.

The plaintiffs sued, *inter alia,* Allied and the Allied Plan to recover these benefits. The district court granted summary judgment to the defendants. In our previous opinion, we held that the denial of these benefits to these plaintiffs was not arbitrary and capricious, citing *Adcock v. Firestone Tire and Rubber Co.,* 822 F.2d 623, 626 (6th Cir.1987), and accordingly upheld the grant of summary judgment.

In *Bruch,* the Supreme Court held that the actions of a plan administrator in denying benefits must be reviewed *de novo,* unless the plan gives the plan administrator discretion over benefit eligibility determinations or the interpretation of ambiguous terms. 489 U.S. 101, 109 S.Ct. 948, 953–56, 103 L.Ed.2d 80 (1989). Reviewing the actions of Allied[1] under a *de novo* standard after *Bruch,* we hold that Allied did not violate the terms of the Allied Plan, and thus affirm the grant of summary judgment to the defendants.

I

The Allied Plan contains an "80–point" provision in Article IV(2)(a), which permits early retirement when the sum of an employee's age and length of service with Allied is 80 or more. The Plan also includes a provision describing the computation of credited service with Allied for the purpose of determining 80–point pension eligibility for employees who are laid off.

---

* Judge Lively was an active judge when we issued our previous opinion. Judge Lively assumed senior status on January 1, 1989.

1. Unless Allied delegates authority to another body, it is the plan administrator for the Allied Plan. Allied Plan, Article XV(2).

Allied sold its Ashland coke plant to Armco on December 31, 1981. Under the terms of the sales agreement, Armco agreed to provide an 80–point pension under the Armco, Inc. Pension Plan (Armco Plan) to those Allied employees who were employed by Armco and who were eligible to receive the 80–point pension by the closing date of the sale. All former Allied employees could elect to receive benefits in the future under the Armco Plan based on their entire length of Allied–Armco service, or they could elect the pension entitlement accrued with Allied as of the sale date, plus any benefits that might accrue with Armco subsequent to the sale. Allied employees who were not hired by Armco or who chose to retire at the time of the sale continued to be covered solely under the Allied Plan.

There were three groups of plaintiffs in this case, two of which are relevant to our discussion of this case on remand. The Group 1 plaintiffs were those employees actively employed by Allied at the time of the sale, who were offered and accepted immediate employment with Armco after the sale. At the time of sale, no Group 1 plaintiff was eligible to retire under the 80–point provision of the Allied Plan, but all were within three years of attaining 80 points.

These Group 1 plaintiffs, upon reaching 80 points while working for Armco, applied for their 80–point pensions from the Allied Plan, claiming that they had been laid off from Allied, and thus had continued to accrue service credit under the terms of the Allied Plan. Allied denied this claim, contending that these Group 1 plaintiffs were not laid off from Allied, and that they were no longer participants in the Allied Plan.

The Group 2 plaintiffs had reached 80 points under the Allied Plan prior to sale, and had accepted immediate employment with Armco. At the time of sale, the Armco Plan assumed an obligation to provide 80–point pension benefits to these plaintiffs. The Group 2 plaintiffs claim that they should receive an 80–point pension from the Allied Plan while continuing to work for Armco. The Allied Plan contends that, when the Group 2 plaintiffs retire,

they will receive their 80–point pension from the Armco Plan, but that the Allied Plan does not owe them this pension.

The Group 1 and Group 2 plaintiffs sued Allied and the Allied Plan for, *inter alia,* violation of the Allied Plan and section 404 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1104. These plaintiffs alleged that Allied wrongfully refused to pay them their 80–point pensions. The district court granted summary judgment to the Allied defendants, finding that the refusal was not arbitrary or capricious. We affirmed the grant of summary judgment in our previous opinion.

On February 21, 1989, the Supreme Court decided *Firestone Tire & Rubber Co. v. Bruch,* which held, *inter alia,* that unless a plan gives a plan administrator discretion to determine eligibility for benefits or construe ambiguous terms of the plan, the actions of a plan administrator in these areas are reviewed under a *de novo* standard. 489 U.S. 101, 109 S.Ct. 948, 953–56, 103 L.Ed.2d 80 (1989). The Supreme Court remanded this case for reconsideration in light of *Bruch.*

■ We hold that the Allied Plan does not give Allied discretion to determine eligibility for benefits or construe ambiguous terms. Nonetheless, reviewing the actions of Allied under a *de novo* standard, we hold that the district court did not err in granting summary judgment to the defendants.

## II

■ The Group 1 plaintiffs contend that the sale of Allied's Ashland Plant resulted in a layoff, which entitled them to continue to accrue service credits under Article IX(4)(a) of the Allied Plan. Article IX(4)(a) provides:

> If an employee is laid off for any reason within three years of the date that he would be eligible to retire under the provision of Article IV(2)(a) hereof, he will receive credit for the period of layoff from the effective date up to the date his age and years of credited service, including such period of layoff, equals 80.

Under this Article, only a layoff, and not another type of separation from employment with Allied, provides continued accrual of service credits.

However, it is clear that, even under a *de novo* interpretation of the Allied Plan, the Group 1 plaintiffs' separation from Allied and immediate employment with Armco upon the sale of the Ashland Plant did not constitute a layoff. This circuit has held, in a *de novo* review of a severance pay plan, that separation from one employer followed by immediate employment with a successor employer does not constitute a layoff. *Garavuso v. Shoe Corp. of America,* 709 F.Supp. 1423, 1428 (S.D. Ohio), *aff'd,* 892 F.2d 79 (6th Cir.1989). Thus, the Group 1 plaintiffs were not laid off under the Allied Plan, and do not come within the terms of that Plan for the purpose of accruing service credit. Therefore, we uphold the district court's grant of summary judgment to the defendants on this claim.

The Group 2 plaintiffs did not retire from Allied while they were Allied employees and participants in the Allied Plan. We hold that, under a *de novo* interpretation of the Allied Plan, retirement under such conditions is a prerequisite to the receipt of an 80–point pension from the Plan:

> An *employee* ... may retire at his option, provided: (a) his age and the number of years of his credited service with the Company, when added together, equal or exceed 80....

Allied Plan, Article IV(2)(a) (emphasis added). When the Group 2 plaintiffs assumed employment with Armco, they ceased to be "employees" of Allied, and thus ceased to come within the terms of Article IV(2)(a). Separation from Allied and immediate employment with Armco does not constitute retirement under the Allied Plan. The Group 2 plaintiffs have not retired from their employment at the Ashland Plant, but are merely continuing it with a different employer.

If the Group 2 plaintiffs wanted the 80–point pension from the Allied Plan, yet still wanted to work for Armco, they could have retired from Allied and then sought employment with Armco. We note that the Group 2 plaintiffs are eligible to receive an 80–point pension *from the Armco Plan* upon their retirement *from Armco.* We uphold the district court's grant of summary judgment to defendants on this claim.

The Group 1 and Group 2 plaintiffs had also alleged that Allied's interpretation of the Plan, denying them their 80–point pensions under the Allied Plan, constituted an impermissible unilateral amendment of the Plan. We disagree. The alleged "amendment" is simply an interpretation of the Allied Plan by Allied, which, as discussed above, is justified even under a *de novo* review of the Plan. Accordingly, we find no merit in this argument.

### III

The remainder of our previous opinion is not affected by the Supreme Court's opinion in *Bruch.* We uphold the district court's opinion on the other issues on appeal based on our previous opinion. The judgment of the district court is AFFIRMED in all respects.