Pat S. BRANDIS, et al., Appellants,

v.

KAISER ALUMINUM & CHEMICAL CORPORATION, et al., Appellees.

No. 94–2312.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1995.

Decided Feb. 9, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 21, 1995.

S. Sheldon Weinhaus, St. Louis, MO, argued, for appellants.

Michael P. Burke, St. Louis, MO, argued (Jan L. Bansch, on the brief), for appellees.

Before LOKEN, Circuit Judge, GODBOLD,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

GODBOLD, Senior Circuit Judge.

This is an appeal from a summary judgment for defendants entered in a case tried before a magistrate judge by consent of the parties.[1]

Plaintiffs are former salaried employees of Kaiser Aluminum & Chemical Corporation who participated in Kaiser's pension benefit plan, an ERISA Plan.[2] Defendants are Kaiser, the Plan, and the members and the manager of the Plan's Retirement and Administration Committees.

In 1984 Kaiser sold assets of its Refractories Division, in a leveraged buy-out, to a new company organized and operated by members of Refractories' management team. All plaintiffs were hired by the new company at the same positions, salaries, and conditions of employment, with the exception that with the new company they would participate in an employee stock ownership plan rather than a traditional plan like the one in which they had participated at Kaiser. Under the "shutdown provision" of the Kaiser plan as it existed in 1976, to qualify for a full early retirement pension (FERP) a plaintiff must demonstrate that his employment with Kaiser was terminated by reason of:

---

* The HONORABLE JOHN C. GODBOLD, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. The Honorable Catherine D. Perry, Magistrate Judge. See 28 U.S.C. § 636(c).

2. 29 U.S.C. § 1002(2) and (3).

(1) A permanent shutdown of the plant, department or substantial portion thereof in which he worked, or

(2) Elimination of his position because of technological changes or a reorganization or realignment of personnel, and there are no suitable openings available in any positions....

After 1976 several amendments were adopted, which we do not need to examine in detail. One of these covered the rights of employees where there has been a sale of assets (or other specified corporate transactions not here relevant) and the participants did not accept employment with the transferee. This amendment did not replace the shutdown provision but addresses the different situation of transfer of assets without a shutdown.

Some two years after the sale a group of plaintiffs requested that they be granted FERPs by the Kaiser plan. This raises the major issue for decision. Other plaintiffs made separate claims, which we will discuss below under "Other Claims."

All the claims were submitted to the plan manager, the Administrative Committee, and a subcommittee of the Retirement Committee. All were denied, and this suit was filed.

■ The Plan gives to the Retirement Committee discretionary authority to interpret its terms, including benefit eligibility determinations. Determinations of the Retirement Committee are entitled to a deferential standard of review if a reviewing court is provided with the rationale underlying the discretionary decision. *Bernards v. United of Omaha Life Ins. Co.*, 987 F.2d 486, 488 (8th Cir.1993); *Cox v. Mid–America Dairymen, Inc.*, 965 F.2d 569 (8th Cir.1992). A fiduciary's construction and decision will be upheld if it is reasonable. *Brumm v. Bert Bell NFL Retirement Plan*, 995 F.2d 1433, 1437–38 (8th Cir.1993).

■ The district court applied the correct standard of review and the correct criteria for summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). With respect to all claims, the district court concluded that defendants were entitled to summary judgment. We affirm.

## I. The FERP claims

(1.) The plant shutdown provision.·

■ This group of plaintiffs contend that they are entitled to FERPs under the plant shutdown provision. The Administrative Committee considered and rejected this. With respect to paragraph (1) of the shutdown clause, it observed that operations of the Refractories Division continued uninterrupted, which is not a shutdown. *Blank v. Bethlehem Steel Corp.*, 926 F.2d 1090 (11th Cir.1991) (administrator's decision that there was no shutdown held reasonable where negotiated terms of sale included agreements by the purchaser to employ employees in same positions and on the same terms), *cert. denied*, 502 U.S. 938, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991); *Anderson v. Ideal Basic Indus.*, 804 F.2d 950, 953 (6th Cir.1986) (no layoff or shutdown where the day after employees terminated by company that sold its plant those who chose to work were on the payroll of the buyer); *Perkie v. Group Technologies, Inc.*, 845 F.Supp. 852 (M.D.Fla. 1994) (no layoff occurred where the purchaser of a division employed the workers from that division). *Cf. Rowe v. Allied Chem. Hourly Employees' Pension Plan*, 915 F.2d 266 (6th Cir.1990) (in *de novo* review of severance pay plan, separation from one employer followed by immediate employment by successor employer is not a layoff).

With reference to paragraph (2) the Committee determined that there were "suitable openings available." All plaintiffs had been offered positions by the new company, had accepted employment doing the same jobs at the same pay, and had continued to be employed more than 90 days. The Sub–Committee considered plaintiffs' contentions that the positions were not "suitable" because the new company had an employee stock owner-

ship plan rather than a traditional pension plan like Kaiser's. It considered the advantages and disadvantages of such a plan and, considering the totality of the offered positions, decided that the positions were suitable.

Plaintiffs asserted in the district court that no deference should be given to Committee determinations because three members suffered from conflicts of interest. The three were Kaiser employees who worked on the sale of assets to the new company. An employee can serve a dual role as employee and plan fiduciary. 29 U.S.C. § 1108(c)(3). The district court found there was no evidence that the three engaged in self-dealing or in any other impermissible conflict. Moreover, a disinterested majority of each committee and subcommittee reached the same decisions as those allegedly acting under a conflict of interest. Additionally, the court found that even if there were a conflict of interest the denial of benefits under the shutdown provision was not only the reasonable interpretation but a correct interpretation.

The district court did not err in holding that defendants were entitled to summary judgment under the 1976 shutdown provision.

(2.) The transfer of assets provision.

■ This amendment provides for eligibility for a FERP where there has been a transfer of assets and the employee does not accept employment with the transferee although suitable openings are available. All claimants had accepted employment with the transferee and, as noted above, suitable openings were available. The district court did not err in granting summary judgment on this claim.[3]

## II. Other claims

We will not discuss in detail the numerous other claims, some made by other plaintiffs and some by the FERP class. All were fully considered and decided by the district court in an exhaustive opinion in which we find no error. Summarizing, these claims were:

(1) Reduction of benefits by a Social Security offset. This is permitted by ERISA. *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 514–17, 101 S.Ct. 1895, 1901–02, 68 L.Ed.2d 402 (1981). The Committee determined that the offset was not inconsistent with the Plan and that employees were given notice of it. The district court held that the Committee determinations were not only reasonable but the only correct interpretation.

(2) A group of plaintiffs who received early retirement benefits (ERPs as opposed to FERPs) contended they were not properly advised of optional plans that were available to them. The court found that no evidence supported their theory.

(3) Plaintiffs, presumably all of them, alleged that the sale by Kaiser was done in violation of 29 U.S.C. § 1140 for the purpose of interfering with their pension benefits. Plaintiffs were required to present evidence that Kaiser acted with "specific intent" to interfere with their rights. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir.), *cert. denied,* 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987). The district court considered all of the evidence offered to show specific intent and correctly found that it was not sufficient to create a dispute of material fact.

(4) Kaiser retained a few employees after the sale, which plaintiffs alleged discriminated against employees transferred. The court correctly held that this was a business decision and that there was no breach of duty because of fiduciary obligations.

The judgment of the district court is AFFIRMED.

---

**3.** Because of our decision that plaintiffs cannot recover under the transfer of assets amendment or under the shutdown provision, we do not need to address plaintiffs' arguments that the asset transfer amendment, and other amendments as well, were invalidly adopted.