PER CURIAM.
This appeal arises under the Employee Retirement Income Security Act (ERISA). Metropolitan Life Insurance Company (MetLife) denied Harden long-term disability (LTD) benefits under his former employer’s ERISA plan. Harden later brought this action claiming that MetLife abused its discretion in denying benefits. The district court granted MetLife’s motion for summary judgment. After de novo review, see Shelton v. ContiGroup Cos., 285 F.3d 640, 642 (8th Cir.2002), we reverse and remand.
*499 Harden worked for American Express Financial Corporation (AmEx) from May 1992 until December 31, 1999, when he quit his job as a financial advisor due to cardiac and other physical problems, and stress-related mental problems. Harden, then 62 years old, applied for Social Security disability benefits and ERISA LTD benefits starting on January 1, 2000. Harden indicated that he had had two heart surgeries and could no longer tolerate the stress associated with financial planning, and that he had become too “shaky” to fill out clients’ paperwork. Harden was granted Social Security benefits, but AmEx’s LTD plan administrator, MetLife, denied Harden LTD benefits initially and on appeal.
In this appeal from the district court’s grant of summary judgment to MetLife, Harden argues (1) MetLife’s administrative record was not competent evidence because it was unsworn and uncertified, and no witness provided a foundation; (2) defendants breached their fiduciary duty to him by not obtaining or considering records unfavorable to their decision, even though Harden had signed releases for all records including Social Security records; (3) MetLife used arbitrary and capricious criteria in denying benefits; and (4) the court was required to review MetLife’s decision de novo because MetLife’s reliance on the opinion of its reviewing physician created a conflict of interest.
In making its decision, MetLife relied exclusively on medical records from the doctors whom Harden had listed as treating physicians. These records indicated that Harden had a stable heart condition and an undiagnosed neurological problem which caused tremors, and that Harden was able to engage in only limited stress situations and interpersonal relations.
Harden believed that MetLife was also considering his Social Security medical records, because MetLife had required Harden to apply for Social Security benefits in conjunction with his application for LTD benefits. (Appellee’s App. at 371, 375.) Harden applied and, again at Met Life’s request, Harden submitted to Met-Life a specific authorization for release of his Social Security medical documents. (Id. at 368.)
During the administrative appeal process, Harden requested that MetLife tell him which medical records they had obtained and were relying on, but MetLife failed to respond. MetLife did tell him, however, that it had reviewed “[a]ll available documentation,” and it provided a list which MetLife itself said was not necessarily all-inclusive. Because Harden had signed the necessary release to make his Social Security medical documents available to MetLife, we believe it was more than reasonable for Harden to believe that MetLife had in fact obtained those “available” records and that they were part of the documentation that had been reviewed, although not specifically listed. Thus, unbeknownst to Harden, the administrative record did not contain the Social Security records that were the basis of the Social Security Administration’s grant of benefits to him.
Other items in the record also indicate that Harden was justified in believing that MetLife had obtained the Social Security medical documents. In its January 29, 2001 letter denying Harden’s appeal, Met-Life acknowledged Harden’s Social Security award. MetLife’s letter included the following language:
Please be advised that the approval or denial of Social Security disability benefits does not guarantee the approval or denial of Long Term Disability benefits under the American Express LTD plan. Medical evidence of a disability-must be *500 satisfactory to MetLife substantiating a disability as defined in the group plan.
(Id. at 101.) Clearly, the letter did not indicate that the Social Security medical documents had not been a part of the record before MetLife. Later, in a letter to Harden’s attorney om September 4, 2001, MetLife again indicated that it knew that Harden had been granted Social Security disability benefits but stated that the award did not prompt MetLife to change its findings. (Id. at 95.) We also note that Harden filled out other medical release forms for medical records from individual physicians. (Id. at 339-40). Met-Life did contact these physicians to request medical records. (Id. at 156, 351). In one case, MetLife even went so far as to use the Internet to find the contact information for a physician. (Id. at 351.) The fact that MetLife used the release forms Harden provided to request medical records from these physicians but did not do so for the Social Security documents— even though MetLife specifically required Harden to apply for Social Security benefits — further demonstrates that Harden was justified in believing that MetLife had received the Social Security medical documents.
In the limited circumstances of this case, we conclude that MetLife’s failure to obtain the Social Security records amounted to a serious procedural irregularity that raises significant doubts .about MetLife’s decision. Therefore, while MetLife’s decision would normally be subject to abuse-of-discretion review — given MetLife’s discretion under the plan to decide whether Harden was totally disabled, see Delta Family-Care Disability & Survivorship Plan v. Marshall, 258 F.3d 834, 840 (8th Cir.2001), cert. denied, 534 U.S. 1162, 122 S.Ct. 1173, 152 L.Ed.2d 117 (2002)—we conclude that the district court should have applied a less deferential sliding-scale standard of review, see Shelton, 285 F.3d at 642 (court may apply less deferential standard of review if plaintiff presents evidence demonstrating palpable conflict of interest or serious procedural irregularity that caused breach of plan administrator’s fiduciary duty to plaintiff); Woo v. Deluxe Corp., 144 F.3d 1157, 1161-62 (1998) (adopting sliding-scale standard of review where less deferential standard is appropriate).
MetLife’s failure to obtain and consider the Social Security records, after leading Harden to believe that it would, coupled with evidence before MetLife which supports a finding that Harden is disabled, calls for a remand to MetLife to reconsider its decision. Contrary to the dissent’s assertion, we do not hold that a plan administrator has the same independent duty to develop the record that a Social Security administrative law judge does. As we noted above, our holding is limited to the facts of this case where the plan administrator led. the claimant to believe that certain medical .records were being considered when they were not. We note that Met-Life does not contest the relevance of the omitted records.
Accordingly, we reverse and remand. The district court is directed to remand the case to MetLife with instructions to reopen the administrative record, obtain and review the Social Security records, and make a new determination of the claim, exercising the discretion given to it by the plan. Cf. Shelton, 285 F.3d at 644 (remanding to district court, and directing court to remand case to administrative committee); Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 n. 6 (4th Cir.1993) (district court may remand case to plan administrator). We, of course, make no intimation concerning whether or not Harden should be awarded the benefits he seeks.
*501 Because of our disposition of this case, we conclude it is not necessary to address Harden’s remaining arguments.