# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1988

_____

| | | |
|---|---|---|
| Deborah Dorholt, formerly known as Deborah Larsen, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Hartford Life and Accident Insurance Company, | * * * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 1, 2007
Filed: June 8, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Deborah Dorholt appeals the district court's[1] adverse grant of summary judgment in her Employment Retirement Security Income Act (ERISA) action arising from the discontinuation of long term disability benefits (LTD). Having carefully reviewed the record, we find that the district court properly applied the abuse-of-discretion standard of review, and that summary judgment was warranted. See Torres

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 677 (8th Cir. 2005) (reviewing de novo both grant of summary judgment and district court's determination as to proper standard of review).[2]

To justify a less deferential standard of review, Dorholt had to show that Hartford's status as insurer and administrator, and the procedural "irregularities" she cited, had some connection to the decision to discontinue her benefits--a showing that is a "'considerable hurdle.'" See id. at 677-79 (citation to quoted case omitted). We agree with the district court that she did not make the required showing. Irregularities are external factors which reflect that the administrator's decision was arbitrary. See Pralutsky v. Meto. Life Ins. Co., 435 F.3d 833, 838 (8th Cir.), cert. denied, 127 S. Ct. 264 (2006). The matters Dorholt complained of were not so severe as to compromise the integrity of Hartford's decision-making process or to indicate that a decision was made without reflection and judgment, see id., and they were not like those this court has held to trigger a less deferential standard of review, see, e.g., Harden v. Am. Express Fin. Corp., 384 F.3d 498, 500 (8th Cir. 2004) (per curiam) (administrator failed to obtain Social Security records that claimant was led to believe were being considered).

We also agree with the district court that, under an abuse-of-discretion standard, Hartford's decision should be affirmed. See Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan, 476 F.3d 626, 632 (8th Cir. 2007) (evidence did not show abuse of discretion where administrator's decision was supported by substantial evidence, meaning relevant evidence that reasonable mind would accept as adequate to support conclusion). The court correctly declined to consider the material sent to Hartford after Dorholt's case was closed, see id. at 631 (district court should consider only evidence that was before administrator when claim was denied); and the opinions

---

[2]We decline to consider the assertions Dorholt makes for the first time on appeal. See Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004).

of Dorholt's treating physicians were not determinative, <u>see</u> <u>Black & Decker Disability Plan v. Nord</u>, 538 U.S. 822, 830-34 (2003) (ERISA plan administrator is not required automatically to give special weight to treating physicians' opinions, nor may courts impose on administrator burden of explaining why other reliable but conflicting evidence was credited).  Finally, Hartford did not err in considering the lack of objective medical evidence.  <u>See</u> <u>Pralutsky</u>, 435 F.3d at 839 (it is not unreasonable for administrator to deny benefits due to lack of objective medical evidence; there is no universal rule precluding administrator from requiring such evidence when it is appropriate under plan terms and case circumstances).

Accordingly, we affirm.

_____